IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEMUS JONES and ALPHONSO SIMMONS,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTEC CONCRETE INC.; FILIBERTO CONTRERAS, an individual; and SERGIO RIOS, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT<br><br>Case No. 2:22-cv-00271-TS-CMR<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on Plaintiffs' Motion to Amend Complaint.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Lemus Jones and Alphonso Simmons ("Plaintiffs") are former employees of Suntec Concrete Inc. ("Suntec"). They allege discrimination, retaliation, defamation, and breach of contract against their former employer.[2] Plaintiffs initially filed suit in the Third Judicial District Court of Salt Lake County and Defendants removed the action to federal court.[3] Plaintiffs seek leave from the court to file their First Amended Complaint to "clarify and correct some details of their claims"[4] and add a third former employee of Suntec, Wanya Johnson ("Johnson"), who

---

[1] Docket No. 19.

[2] Docket No. 19-1 ¶¶ 71–101.

[3] Docket No. 2, at 1.

[4] Docket No. 19, at 2.

alleges similar discrimination as Plaintiffs. Defendants oppose the Motion, asserting it risks undue prejudice and constitutes improper joinder.[5]

## II.  DISCUSSION

### A.  UNDUE PREJUDICE

Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, as in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[6] Rule 15(a)(2) specifies that the court should "freely give leave when justice so requires."[7] The court considers several factors in determining whether to give a party leave to amend their complaint. These include whether the amendment will result in undue prejudice, was unduly and inexplicably delayed, was offered in good faith, or whether the party had sufficient opportunity to state a claim and failed.[8]

Defendants assert that the proposed amendment will result in undue prejudice because there are significant differences between the factual circumstances supporting Johnson's claim and those supporting Plaintiff's claims, which will require different witnesses and documentary evidence.[9] Specifically, Defendants argue Johnson's experience differed because he was not fired by Suntec and had a different immediate supervisor. Johnson held different positions, duties, and pay rates as the existing Plaintiffs, and did not share the same co-workers. These assertions are not sufficient to demonstrate undue prejudice. Johnson alleges, as do the existing Plaintiffs, that he was hired by Suntec, experienced mistreatment and discrimination from his coworkers and

---

[5] Docket No. 22, at 1–2.

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *See State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (citing *Local 472, etc. v. Ga. Power Co.*, 684 F.2d 721 (11th Cir. 1982)).

[9] Docket No. 22, at 5.

supervisors, and worked under the same central division manager as Plaintiffs. If Defendants reveal undue prejudice in the course of discovery, they may move to sever Plaintiffs. At the present stage, Defendants fail to show that the proposed amendment will result in such prejudice.

Defendants have not asserted, and the Court does not find, that Plaintiffs' request to amend was unduly and inexplicably delayed or offered in bad faith. In fact, Plaintiffs' Motion was filed within the deadline set by the Scheduling Order.[10] For these reasons, leave to amend is warranted under Rule 15(a)(2).

### B. IMPROPER JOINDER

Defendants assert that the amendment would amount to improper joinder under Federal Rule of Civil Procedure 20. A party seeking to join additional plaintiffs via amendment must establish that (1) the proposed parties' claims arise out of the same occurrence, transaction, or series of occurrences; and (2) there is a common question of law or fact.[11] The terms "transaction" or "occurrence" do not depend "so much upon the immediateness of their connection as upon their logical relationship."[12]

Plaintiffs allege sufficient facts to meet the requirements for joinder. As to the first requirement, Johnson, like the existing Plaintiffs, alleges that the regional division manager made decisions regarding termination and pay based on employee skin color. Thus, Johnson's allegations share a factual similarity and logical relationship to the facts underlying Plaintiffs' discrimination claim.

---

[10] *See* Docket No. 16.

[11] *Farrer v. Pebblekick, Inc.,* No. 2:21-CV-00111-DAO, 2022 WL 1004215, at *3 (D. Utah Apr. 4, 2022); Fed. R. Civ. P. 20(a)(1).

[12] *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).

As to the second requirement, Johnson, like the existing Plaintiffs, alleges that he faced race-based discrimination in Suntec's workplace, was employed at roughly the same time as the others in this suit, and was terminated or otherwise lost employment for actions that other employees engaged in without consequence. Further, several courts have held that "allegations of a pattern and practice of discrimination are sufficient to satisfy both the same transaction and common question requirements of Rule 20(a)."[13] As such, at least at this pretrial juncture, the Court finds that it is proper to join Johnson in Plaintiffs' claim.

Additionally, allowing joinder here fulfills an important goal of Rule 20: "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[14] Thus, judicial economy favors joinder at this stage.

### III. CONCLUSION

For the foregoing reasons, the Court finds good cause to grant the Motion.

Accordingly, it is

ORDERED that Plaintiffs' Motion to Amend Complaint (Docket No. 19) is GRANTED. Plaintiffs may file the Proposed Amended Complaint within 10 days of this Order.

Dated January 19, 2023.

BY THE COURT

_____
Ted Stewart
United States District Judge

---

[13] *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520–21 (D. Kan. 2001) (collecting cases).

[14] 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652, at 395 (3d ed. 2001).