IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEMUS JONES, ALPHONSO SIMMONS, WANYA JOHNSON, and JESSE SHAW,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTEC CONCRETE, INC., an Arizona Corporation; FILIBERTO CONTRERAS, an individual; and SERGIO RIOS, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:22-CV-271 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. Defendants seek dismissal of Jones' defamation claim. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiffs are former employees of Defendant Suntec Concrete. Relevant here, Plaintiff Lemus Jones alleges that Filiberto Contreras terminated him and then made defamatory statements concerning the reasons for Jones' termination to other Suntec employees.

II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as

1

the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

### III. DISCUSSION

Defendants argue that Jones' defamation claim fails because Contreras' statement are subject to a qualified privilege. Utah law recognizes qualified privileges as a defense to a claim of defamation.[7] However, in seeking dismissal at this stage, Defendants have "jumped the gun."[8]

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[7] *See Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 58 (Utah 1991).

[8] *Zoumadakis v. Uintah Basin Med. Ctr., Inc.*, 122 P.3d 891, 893 (Utah Ct. App. 2005).

"A qualified or conditional privilege is an affirmative defense to defamation that a defendant must raise in its answer."[9] "Thus, the burden of pleading the inapplicability of a qualified privilege is not initially on the plaintiff as a prerequisite to stating a claim for defamation; instead, the defendant must first raise privilege as an affirmative defense in a responsive pleading in order to shift the burden to the plaintiff to show the inapplicability of a qualified privilege."[10] Therefore, Jones' "failure to set forth any allegation in [his] complaint that a qualified privilege applied and that the privilege had been abused because 'defendant[s] acted with malice or that the publication of the defamatory material extended beyond those who had a legally justified reason for receiving it,' is not fatal in the context of a motion to dismiss for failure to state a claim."[11] As such, the Court will deny Defendants' request for dismissal at this time.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 37) is DENIED.

DATED this 17th day of August, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[9] *Id.*

[10] *Id.* at 893–94 (citing *Brehany*, 812 P.2d at 59 (recognizing that the plaintiff "did not have to anticipate an affirmative defense in her complaint" in order to later assert that a qualified privilege was abused)).

[11] *Id.* at 894 (quoting *Brehany*, 812 P.2d at 58).